IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Joe Hand Promotions, Inc., | ) |
| Plaintiff, | ) |
| v. | ) No. 09-1320 |
| Tory A. Duede, individually, d/b/a Troy Duede Enterprises, Inc., d/b/a TNT Sport's Bar & Grill, and Troy Duede Enterprises, Inc., d/b/a TNT Sport's Bar & Grill, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues federal and state claims arising from Defendants' alleged unauthorized receipt and transmission of a televised boxing event. Defendants contend that a state two-year statute of limitations bars the suit. For the reasons below, the Court concludes that Defendants' motion to dismiss should be denied, with leave to renew on a more developed record.

### Background

Plaintiff owned "exclusive nationwide television distribution rights to '*Ultimate Fighting Championship 76: "Knockout"*', which took place on

September 22, 2007." (Complaint ¶ 10). Plaintiff spent substantial sums advertising and promoting this event, which was broadcast across North America on September 22, 2007, by businesses which had entered into sublicensing agreements with Plaintiff. (Complaint ¶ 11-12). Defendants allegedly unlawfully intercepted and showed the program to patrons. (Complaint ¶ 13).

Plaintiff filed this action on September 23, 2009, pursuing federal claims under 47 U.S.C. §§ 553 and 605 of the Federal Communications Act of 1934, as amended ("FCA").[1] (Complaint, Counts I and II). Plaintiff also pursues a state law claim for conversion. (Count III).

## Analysis

Pertinent to this action, §§ 553 and 605 of the FCA allow aggrieved persons to bring civil actions for the unauthorized receipt or transmission of wire, radio or cable communications. 47 U.S.C. § 605(e)(3)(A) (unauthorized publication or use of communications); 47 U.S.C. § 553(c)(1) (unauthorized reception of cable service).

---

[1] 47 U.S.C. § 605 is part of the Federal Communications Act of 1934. 47 U.S.C. Section 553 is also part of the FCA, but is often cited as part of the Cable Communications Policy Act of 1984.

Congress did not provide a statute of limitations for civil actions under §§ 553 or 605.[2]  Generally, "[w]hen Congress fails to provide a statute of limitations for a federal claim and § 1658(a) is not applicable, federal courts must borrow the most analogous statute of limitations from state law." Berger v. AXA Network LLC, 459 F.3d 804, 808 (7th Cir. 2006)(citations omitted).  "This practice, . . . has enjoyed sufficient longevity that we may assume that, in enacting remedial legislation, Congress ordinarily 'intends by its silence that we borrow state law.'"  Lampf, Pleva, Lipkind, Prupis &Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991).

An exception to this general rule permits looking to federal law "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment."  Lampf, 501 U.S. at 356.  As the Supreme Court stated,

---

[2]No one argues for the federal "catch-all" four-year limitations, which applies to post-1990 enactments, so the Court assumes that it does not apply.  28 U.S.C. § 1658 (a).  It does not appear to, since the Federal Communications Act and the Cable Policy Communications Act were both enacted before 1990.  Post-1990 amendments to an existing act may be subject to the four year catch-all, if the claims are dependent on the amendments, but that does not appear to be the case here.  Middleton v. City of Chicago, 578 F.3d 655, 659 (7th Cir. 2009); Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc., 98 F.Supp.2d 958, 960, n. 2 (N.D. Ill. 2000)(catchall did not apply to action under 553 and 605).  Additionally, no one contends that the two year limitations under 47 U.S.C. Section 415(b) applies, which deals with the recovery of damages against "carriers."  See Kingston, 98 F.Supp.2d at n.3.

> We decline to borrow a state statute of limitations only "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking."

Reed v. United Transp. Union, 488 U.S. 319, 324 (1989)(quoted cite omitted).  This exception is "closely circumscribed" and "unusual,"; "'resort to state law remains the norm . . . .'" Id. (quoted cite omitted).  Of particular weight is whether "'the multistate nature of [the federal cause of action at issue] indicates the desirability of a uniform federal statute of limitations.'" Lampf, 501 U.S. at 357 (quoted cite omitted).  However, even if that factor weighs in favor of federal borrowing, the federal source borrowed must still be a "'closer fit' with the cause of action . . . than . . . any available state-law source." Id..

Defendants contend that the most analogous state claim is a claim under 725 ILCS 16-18 *et seq.*, which has been referred to as the Illinois Cable Piracy Act ("ICPA").  725 ILCS 16-19 prohibits the unauthorized distribution of "communication services," which includes programs provided over wire, radio, and television.  Like §§ 605 and 553 of the Federal Communications Act, the Illinois Cable Piracy Act provides for criminal penalties, 720 ILCS 5/16-20, as well as civil actions for damages,

720 ILCS 5/16-21.  The plaintiff may recover either actual damages plus the violator's profits, or "statutory damages of not less than $250 and not more than $10,000 for each unlawful communication . . ., with the amount of statutory damages to be determined by the court, as the court considers just."  720 ILCS 5/16-21(c)(2).  The statutory damages may be increased to up to $50,000 for willful violations.  This is a similar damages scheme to §§ 553 and 605 of the FCA.  See 47 U.S.C. § 553(c)(3)(A); 47 U.S.C. § 605(e)(3)(C).

Plaintiff does not directly address whether the Illinois Cable Piracy Act is the most analogous source of state law to borrow for limitations purposes.  Instead, Plaintiff contends that a Northern Illinois District Court has concluded that the three-year statute of limitations in the Federal Copyright Act supplies the correct limitations.  Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc., 98 F.Supp.2d 958 (N.D. Ill. 2000).  Kingvision did hold this, in a thorough and thoughtful opinion.  However, Kingvision did not address the Illinois Cable Piracy Act, the provisions of which were enacted in 2003, several years after Kingvision.  Kingvision's conclusion that the Copyright Act was a "'closer fit'" than any state law was

based on a comparison to the state tort of conversion, not to the state's cable piracy act.  98 F.Supp.2d at 964.

The parties do not cite, nor did the Court find, a Seventh Circuit Court of Appeals case addressing the statute of limitations for §§ 553 and 605 actions.  Other Circuits appear split, though that split can be explained by determining the nature of the analogous state claim: conversion or piracy.  Circuits that have looked to state piracy laws have adopted those limitations, because the state piracy laws are close parallels to §§ 553 and 605.  *Compare* Directv, Inc. v. Webb, 545 F.3d 837, 848-49  (9th Cir. 2008) (one year statute of limitation under California piracy act applied to FCA § 605 claim) *and* Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc., 366 F.3d 217, 223-25 (3rd Cir. 2004)(two-year limitations in Pennsylvania's piracy act applied to FCA §§ 553 and 605 claims) *with* Prostar v. Massachi, 239 F.3d 669 (5th Cir. 2001)(Copyright Act's 3 year limitations applied to §§ 553 and 605 claims, rather than state limitation on conversion claims).  Based on these cases, there is a reasonable argument that the ICPA is a "closer fit" to §§ 553 and 605 than the Federal Copyright Act.  *See* Directv, Inc., 545 F.3d at 848 (state piracy statute "remarkably similar to § 605 in purpose and structure); Kingvision Pay-Per-View, Corp. 366 F.3d at 224

(state piracy statute a "remarkably close analog" to Cable Act); *see also* Comcast of Illinois S., LLC v. Toguchi, 2006 WL 516578 *1 (N.D. Ill. 2006) (not reported in F.Supp.2d)(describing 720 ILCS 5/16-18 as the "Illinois state statutory equivalent" to the Cable Communications Policy Act of 1984).[3] As discussed above, though, the question appears open in this Circuit.

There may be another open question: What is the statute of limitations for claims under the Illinois Cable Piracy Act? Defendants contend it is two years, but give no cite for this assertion in their initial memorandum (d/e 11 ¶ 19). In their reply brief, Defendants cite 735 ILCS 5/12-202, which provides in relevant part:

> Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, **or for a statutory penalty**, . . . shall be commenced within 2 years next after the cause of action accrued . . .

(emphasis supplied). Defendants contend that an action under the ICPA is an action for a "a statutory penalty," thus falling under 735 ILCS 5/12-202's two-year limitation. Defendants also assert that 735 ILCS 5/12-202 clearly applies since the Complaint seeks statutory damages.

---

[3] The parties in Toguchi agreed, for reasons unexplained, that the statute of limitations was at least three years under *both* the ICPA and the Copyright Act. 2006 WL 516578 *2.

Defendants cite no case law construing the "statutory penalty" language in 735 ILCS 5/12-202.[4] The district court in Kingvision did address this statute, looking to federal law and concluding that §§ 553 and 605 were primarily remedial in nature, making it "inappropriate under any circumstance to borrow from state law the limitations period governing statutory penalties." 98 F.Supp.2d at 966. However, as discussed above, the ICPA was not considered in Kingvision.

Plaintiff cites Russian Media Group, LLC v. Cable America, Inc., 2008 WL 360692 (N.D. Ill. 2008), which held that the five year limitations in 735 ILCS 5/13-205 applied to an action under the ICPA. That case, however, did not address 735 ILCS 5/13-202. As framed by the parties, the choice in that case was between the limitations on criminal prosecutions, 720 ILCS 5/3-5, and the five-year limitation in 735 ILCS 5/13-205. Id. at *2.

These questions are important, but answering them may not be necessary to resolving the statute of limitations dispute in this case. The statute of limitations period did not begin running until Plaintiff knew or reasonably could have discovered Defendants' violation. Directv, Inc., 545

---

[4] The Illinois Supreme Court has defined a statutory penalty as "(1) impos[ing] automatic liability for a violation of its terms; (2) set[ting] forth a predetermined amount of damages; and (3) impos[ing] damages without regard to the actual damages suffered by the plaintiff." Landis v. Marc Realty LLC, 919 N.E.2d 300, 307 (2009)(citation omitted).

F.3d at 852-53 (§ 605 claim accrued when plaintiff "'had a reasonable opportunity' to discover its cause of action . . ."). As Plaintiff points out, this case was filed one day after the two-year limitations period (if that is the limit that applies). A reasonable inference arises that Plaintiff could not have reasonably discovered the violation until at least the day after the broadcast, which would make this action timely even under the two-year deadline. If that is so, resolution of which statute of limitations applies, and what the statute of limitations is for ICPA actions, will be unnecessary to the resolution of this case. Defendants do not address this argument, nor is there a developed factual record to determine when Plaintiff's action accrued.

In light of all these questions, the Court believes the more prudent approach is to allow the case to move forward through discovery and determine whether Plaintiff satisfied the two-year statute of limitations. If so, then the questions raised above may be left for another case. If not, then at least there will be an opportunity for more thorough briefing on these important questions.

On a separate matter, Defendant Troy Duede asserts that he should be dismissed in his individual capacity because he is not doing business as any entity and "had nothing to do with the alleged display of the program." (d/e 11 p. 3). However, these are factual determinations that belong at summary judgment, not at the motion to dismiss stage.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 10), with leave to renew as a motion for summary judgment on a developed factual record.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    February 16, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE