## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   09-1320 |
| ) | |
| TROY A. DUEDE, *individually, d/b/a* ) | |
| *Troy Duede Enterprises, Inc., d/b/a/* ) | |
| *TNT Sport's Bar & Grill*, and ) | |
| TROY DUEDE ENTERPRISES, INC., ) | |
| *d/b/a TNT Sport's Bar & Grill*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10) and a Report & Recommendation ("R&R") by Magistrate Judge Cudmore (Doc. 17). Magistrate Judge Cudmore recommends that Defendants' motion to dismiss be denied, with leave to renew on a more developed record; Defendants have filed their opposition to the R&R (Doc. 18), and Plaintiff has filed a memorandum in support of the R&R (Doc. 20). For the reasons stated below, the Motion to Dismiss is denied, and the R&R is adopted.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is

beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (*quoting Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)). On the other hand, "complaints need not anticipate and attempt to plead around defenses." *U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (*citing Gomez v. Toledo*, 446 U.S. 635 (1980); *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003)).

A district court reviews *de novo* any portion of a Magistrate Judge's R&R to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## BACKGROUND

Plaintiff owned "exclusive nationwide television distribution rights to '*Ultimate Fighting Championship 76: Knockout,*'" which took place on September 22, 2007. (Doc. 1 at 3). Plaintiff sublicensed businesses across the continent to

2

screen this program for a fee, and alleges that Defendants unlawfully intercepted this program and showed it to their patrons. (Doc. 1 at 3-4). Plaintiff alleges that this interception and showing of the program violated 47 U.S.C. §§ 553 and 605, and also makes a state law claim for conversion. It is a violation of § 553 to "intercept or receive…any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law," and § 605 provides that it is a violation to publish or use cable or broadcast communications without authorization. 47 U.S.C. §§ 553(a)(1), 605(a). Both §§ 553 and 605 provide that a "person aggrieved" by a violation of the subsections may bring an action for injunctive relief, damages, and costs against a person who violates the statutes. 47 U.S.C. §§ 553(c), 605(e)(3).

Defendants argue in their Motion to Dismiss for dismissal of Plaintiff's claims under §§ 553 and 605, arguing that they are barred by the applicable statute of limitations. (Doc. 11). Neither subsection provides a statute of limitations. In such a case, federal courts typically look to the "most analogous statute of limitations from state law" in order to set a limitations period for the action. *Berger v. AXA Network, LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (*citing Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989); *Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 546-47 (7th Cir. 1994)). There is a narrow exception for cases "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id.* (*quoting Reed*, 488 U.S. at 324).

3

Defendants claim that the Illinois Cable Piracy Act ("ICPA") is the most analogous state law, and that the statute of limitations under the ICPA is two years. As the program was televised on September 22, 2007, and the Complaint was filed on September 23, 2009, Defendants argue that the claims under §§ 553 and 605 are untimely. Plaintiff's Response to the Motion to Dismiss asserts first that the exception to state-law borrowing should apply here, as other District Courts in this Circuit have applied the three-year statute of limitations found in the federal Copyright Act to claims under §§ 553 and 605. (Doc. 13 at 4 (*citing Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F.Supp.2d 958 (N.D. Ill. 2000)). Alternatively, Plaintiff argues that the ICPA itself provides for a five-year statute of limitations. (Doc. 13 at 4-5 (*citing Russian Media Group, LLC v. Cable America, Inc.*, 06-c-3578, 2008 WL 360692, *2 (N.D. Ill. Feb. 7, 2008)). Finally, Plaintiff argues that, even if a two-year statute of limitations applies, the Court should draw the reasonable inference that Plaintiff could not reasonably have discovered the alleged violation until at least September 23, 2007, making the September 23, 2009 Complaint timely. (Doc. 13 at 5).

Defendants also asserted in their Motion to Dismiss that Troy Duede, individually, should be dismissed from this action, as he "had nothing to do with the alleged display of the Program." (Doc. 11 at 4). Plaintiff contends that this is insufficient to carry Defendants' burden to show that Plaintiff has failed to state a claim against Duede individually, as Plaintiff alleges he had individual responsibility and control over the businesses. Magistrate Judge Cudmore found that Defendants' arguments raised "factual determinations that belong at summary

4

judgment, not at the motion to dismiss stage." (Doc. 17 at 10). As Defendants have failed to object to the R&R on this point, they have waived their objection to this determination, and it is therefore adopted.

### DISCUSSION

In his R&R, Magistrate Judge Cudmore reviewed each of the parties' arguments, and noted that the law appears to be open as to the properly applicable statute of limitations in §§ 553 and 605 cases. (Doc. 17 at 2-8). He then found, though, that even if Defendants' proposed two-year statute of limitations was applied, it would be inappropriate to grant dismissal at this stage, as it is a reasonable inference that Plaintiff did not discover (and could not reasonably have discovered) the alleged violation until, at the earliest, September 23, 2007.

Defendants object to Magistrate Judge Cudmore's conclusion, arguing that he "suggests that this Court consider facts or inferences that are not anywhere in the record, or even pled, in order to avoid having to make the determination as to what is the statute of limitations." (Doc. 18 at 1).[1] Defendants further argue that it is not a reasonable inference that Plaintiff could not have reasonably discovered the alleged violation until at least September 23, 2007, as "the reasonable inference is that the alleged violation would have been discovered instantaneously when the allegecd [*sic*] violation happened (not the 'day after') because of the nature of the alleged violation, a transmission of a broadcast." (Doc. 18 at 3).

---

[1]   The Court notes that Defendants' Objection to Magistrate Judge Cudmore's R&R is riddled with typographical errors. Though the Court does not base its decision on this fact, Defendants' counsel would be well-advised to undertake basic proofreading prior to filing documents with the Court in the future.

5

Plaintiff responded in support of Magistrate Judge Cudmore's R&R, arguing that Defendants' argument is contrary to the well-established standard for Motions to Dismiss under Rule 12(b)(6). (Doc. 20 at 3-5, 6). Plaintiff also points out that the program's showing started at 9:00 p.m. on September 22, 2007, and that that the original showing ran for four and a half hours, giving rise to the reasonable inference that the violation continued to September 23, 2007.[2] (Doc. 20 at 5). Finally, Plaintiff reiterates and bolsters its arguments that the applicable statute of limitations is at least three years, not two.[3] (Doc. 20 at 6-9).

Defendant appears to claim that the Court cannot draw the inference regarding the date of discovery of the alleged violation, as Plaintiff did not plead

---

[2]   Plaintiff cites to data from www.imdb.com ("The Internet Movie Database") and www.blockbuster.com, of which it invites the Court to take judicial notice, showing the start time of the program, that the actual "run time" of the program on September 22, 2007 was 270 minutes, and that edited DVD of the program was 180 minutes. At least one court, the Southern District of Ohio, took judicial notice of content from www.imdb.com. *See Klein v. Leis*, 06-cv-164, 2006 WL 1489686, *1 fn. 3 (S.D. Ohio May 30, 2006). Though it may be proper for the Court to judicially notice these facts, the Court does not rely on the argument that the alleged violation continued to September 23, 2007, as it is unnecessary to the disposition of this Motion, and as Plaintiff did not make the argument in its original Response to Defendant's Motion.

[3]   Plaintiff also argues that Defendants' Objection is procedurally deficient, and should be rejected on that basis. (Doc. 20 at 2-3). Plaintiff asserts that "Defendants do not cite to any specific portion of Judge Cudmore's Report and Recommendation." The Court finds that Defendants' Objection is specific enough to explain what aspects of the R&R Defendants find problematic. Plaintiff also points out a few of the typographical errors that the Court referred to above. The Court agrees that these errors show sloppy workmanship, but does not base its decision on them. Finally, Plaintiffs argue that Defendants violated Local Rule 72.2(B) by failing to provide a separate memorandum of law in support of their Objection. While Local Rule 72.2(B) does indicate that a separate memorandum is required, the Court does not wish to base its ruling on such a thin procedural reed where Defendants did comply with the essence of the Local Rule by explaining the legal basis of their Objection.

facts specifically supporting it in its Complaint. (Doc. 18 at 1). On the contrary, the statute of limitations is an affirmative defense, and it is axiomatic that a plaintiff need not anticipate affirmative defenses in its complaint. *Cancer Foundation, Inc.*, 559 F.3d at 674; *Northern Trust Co.*, 372 F.3d at 888 ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available."). Dismissal on statute of limitations grounds should only be granted where the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation*, 559 F.3d at 674-75 (*citing Hollander v. Brown*, 457 F.3d 688, 691 fn. 1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense")). Here, Plaintiff did not allege any facts that establish the date of discovery or that defeat the inference that it did not discover the alleged violation until at least September 23, 2007, so dismissal is inappropriate at this time.

Defendant's further argument that the program's nature as an electronic communication renders unreasonable the inference that Plaintiff would have discovered the violation until at least the next day is wholly without merit. "All inferences" must be drawn in favor of the Plaintiff. *marchFIRST Inc.*, 589 F.3d at 904. Even if Defendant can come up with a competing inference, this standard requires the Court to resolve question in Plaintiff's favor.[4] Here, Defendant offers

---

[4] Further, even if the Court were forced to determine which of the two inferences was "more reasonable," as Defendant appears to believe, it would find for Plaintiff. The fact that the program was electronically transmitted does not necessarily lead to the inference that an alarm goes off at Plaintiff's headquarters each time a transmission is illegally intercepted -- indeed, to the Court, the more reasonable inference from the current record is that such an interception would be extremely difficult to detect.

7

no facts showing how Plaintiff should have been instantly aware of all unauthorized interceptions and showings of the program, since the program was shown simultaneously at many locations across the country. It is a reasonable inference from the facts that Plaintiff could not have reasonably discovered the alleged violation prior to September 23, 2007, so, even if Defendants' preferred two-year statute of limitations is applied, it would be improper to dismiss Counts I and II. Whether Plaintiff could reasonably have discovered the violation before September 23, 2007 is a factual question that is inappropriate for resolution on a Rule 12(b)(6) motion.

The Court notes that, as recommended by Magistrate Judge Cudmore, the question of what limitations period applies to these claims is left open by this decision, and that Defendants may renew their argument if facts arise showing that Plaintiff should reasonably have discovered the violation before September 23, 2007.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 10) is DENIED, and Magistrate Judge Cudmore's R&R (Doc. 17) is ADOPTED. This matter is referred to Magistrate Judge Cudmore for further pretrial proceedings.
IT IS SO ORDERED.


Entered this <u>30th</u> day of April, 2010.

                                                  s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge